UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FT. MYERS DIVISION

| | |
|---|---|
| CAMERON SCHWEITZER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>HERTZ GLOBAL HOLDINGS, INC., et al.,<br><br>Defendants. | No. 2:26-cv-02242<br><br>CLASS ACTION |

**MOTION OF DEBRA ROLLINS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT**

# TABLE OF CONTENTS

**Page**


I. PRELIMINARY STATEMENT .......... 2

II. FACTUAL BACKGROUND .......... 3

III. ARGUMENT .......... 4

A. Movant Should Be Appointed Lead Plaintiff .......... 4

1. This Motion Is Timely .......... 6

2. Movant Has the Largest Financial Interest in the Relief Sought by the Class .......... 6

3. Movant Otherwise Satisfies the Rule 23 Typicality and Adequacy Requirements .......... 7

a. Movant's Claims Are Typical of Those of the Class .......... 8

b. Movant Will Fairly and Adequately Protect the Interests of the Class .......... 8

B. The Court Should Approve Movant's Selection of Counsel .......... 10

IV. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Cole v. Health Mgmt. Assocs., Inc.*,
No. 2:07-cv-484-FtM-34SPC, 2008 WL 11334897
(M.D. Fla. May 14, 2008) .... 6, 7

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825(NGG)(RER), 2007 WL 680779
(E.D.N.Y. Mar. 2, 2007) .... 6

*Kavra v. Health Ins. Innovations, Inc.*,
No. 8:17-cv-2186-EAK-MAP, 2018 WL 4611215
(M.D. Fla. Feb. 6, 2018) .... 7, 8

*Luczak v. Nat'l Beverage Corp.*,
No. 18-cv-61631-KMM, 2018 WL 9847842
(S.D. Fla. Oct. 12, 2018) .... 7, 8, 9

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
§77z-1(a)(3)(B)(i) .... 1
§78u-4(a)(1) .... 4
§78u-4(a)(3)(A)(i) .... 5
§78u-4(a)(3)(B) .... 1, 5
§78u-4(a)(3)(B)(i) .... 1, 4
§78u-4(a)(3)(B)(iii) .... 2, 5, 7
§78u-4(a)(3)(B)(iii)(I)(bb) .... 6
§78u-4(a)(3)(B)(iii)(I)(cc) .... 7
§78u-4(a)(3)(B)(iii)(II)(aa) .... 10
§78u-4(a)(3)(B)(v) .... 3, 10

Federal Rules of Civil Procedure
Rule 23 .... 2, 5, 7, 10
Rule 23(a)(3) .... 7, 8
Rule 23(a)(4) .... 7, 8

Local Civil Rules
Rule 3.01(g) .... 1, 2

# MOTION

Proposed Lead Plaintiff Debra Rollins ("Movant"), by and through her counsel, respectfully moves this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B) (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (i) appointing Movant as Lead Plaintiff on behalf of all persons and entities who purchased or otherwise acquired Hertz Global Holdings, Inc. ("Hertz" or the "Company") common stock between May 7, 2026 and June 23, 2026, inclusive (the "Class Period"); (ii) approving Movant's selection of Robbins LLP as Lead Counsel and Robbins Geller Rudman & Dowd LLP as Liaison Counsel; and (iii) granting such other and further relief as the Court may deem just and proper (the "Motion").

This Motion is based on the accompanying Memorandum of Law, the Declaration of Robert J. Robbins filed herewith and all exhibits attached thereto, the pleadings and other filings herein, and such other written and oral arguments as may be permitted by the Court.[1]

[1] Movant's counsel is aware of Local Rule 3.01(g), which requires a moving party's counsel to confer with the opposing party's counsel in a good faith effort to resolve the issues raised by the motion. However, because the PSLRA permits any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" to file a motion for appointment as lead plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), Movant cannot ascertain whether any other parties will also seek appointment as lead plaintiff until after the deadline expires on September 22, 2026. Accordingly, Movant's counsel respectfully requests that

# MEMORANDUM OF LAW

## I. PRELIMINARY STATEMENT

Movant seeks appointment as Lead Plaintiff in this securities class action lawsuit (the "Action") on behalf of acquirers of Hertz common stock during the Class Period. The Action seeks to pursue remedies under the Exchange Act.

Under the PSLRA, the Court is tasked with appointing the Lead Plaintiff in the Action. Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant: (i) making a timely motion under the PSLRA's 60-day deadline; (ii) who asserts the largest financial interest in the litigation; and (iii) who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Movant meets these requirements, because: (i) Movant timely filed for appointment as Lead Plaintiff; (ii) to the best of her knowledge, Movant has the largest financial interest in this litigation; and (iii) Movant meets the applicable requirements under Rule 23. *See id.*; *infra* Section III.A.

Finally, the Court should approve Movant's choice of Lead and Liaison Counsel. Movant has retained experienced and competent counsel. As the "most adequate plaintiff" under the PSLRA, the Court should defer to Movant's

---

compliance with Local Rule 3.01(g) be waived in this instance due to the fact that Movant cannot confer with unknown other movants.

selection of Robbins LLP as Lead Counsel and Robbins Geller Rudman & Dowd LLP as Liaison Counsel for the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Accordingly, Movant respectfully requests that the Court appoint her as Lead Plaintiff and otherwise grant her Motion.

## II. FACTUAL BACKGROUND

Hertz is a Delaware corporation and has principal offices located in Estero, Florida. The Company is a global vehicle rental and mobility solutions provider. Hertz common stock trades on the Nasdaq stock market under the ticker symbol "HTZ."

The Action alleges that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and financial results. *See* ECF 1 at ¶17. Specifically, Defendants allegedly made false and misleading statements and failed to disclose to investors that: (a) Hertz's liquidity was deteriorating far more rapidly than represented, and available liquidity was not sufficient to fund its operations and obligations for the next year without resorting to a distressed, dilutive financing; (b) the softness in the used-car market that Defendants had characterized as "isolated to the quarter" and "transitory" had in fact recurred and was materially depressing the Company's net depreciation per unit and adjusted corporate earnings before interest, taxes, depreciation and amortization; (c) as a result of the foregoing, the Company was likely to

undertake a dilutive, distressed capital raise that would materially harm existing shareholders; and (d) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and financials were materially misleading and or lacked a reasonable basis in fact. *Id.*

Once the market learned the truth about Hertz's wrongdoing, shares of the Company's stock fell 40% to close at $3.00 per share on June 24, 2026, damaging investors. *Id.* at ¶¶18-19. The very next day, the offering priced on still more dilutive terms, upsized to $350 million (up to $400 million) at a 6.75% coupon with an exchange price of approximately $3.58 per share, and with the borrowed common stock sold to the public at just $2.70 per share. *Id.* at ¶20.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of Hertz's stock, Movant and the other Hertz investors have suffered significant losses and damages. *Id.* at ¶21.

## III. ARGUMENT

### A. Movant Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the plaintiff or plaintiffs should cause publication of a notice to the class within 20 days of filing the action informing class members of the

following: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the Court to be appointed as Lead Plaintiff within 60 days of the publication of the notice. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was published in *Business Wire*. *See* Declaration of Robert J. Robbins in Support of Motion of Debra Rollins for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Robbins Decl."), Ex. A, filed concurrently herewith.

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is:

> the person or group of persons that-
>
> > (aa) has either filed the complaint or made a motion in response to a notice ... ;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

#### 1. This Motion Is Timely

The notice published by the plaintiff in this Action informed class members that the deadline to move for appointment as Lead Plaintiff is September 22, 2026; therefore, this Motion is timely. Thus, Movant has complied with the PSLRA's first requirement and is eligible for appointment as Lead Plaintiff.

#### 2. Movant Has the Largest Financial Interest in the Relief Sought by the Class

To be eligible for the "most adequate plaintiff" presumption, a movant must also possess the "largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). In determining the "largest financial interest" for purposes of lead plaintiff appointment, courts in this District consider "(1) the number of shares purchased during the class period; (2) the net number of shares purchased during the class period...; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period." *See Cole v. Health Mgmt. Assocs., Inc.*, No. 2:07-cv-484-FtM-34SPC, 2008 WL 11334897, at *4 (M.D. Fla. May 14, 2008) (quoting *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825(NGG)(RER), 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007)).

As evidenced in her Certification and loss chart, Movant incurred a loss of $83,798.00. *See* Robbins Decl., Exs. B and C. Movant is unaware of any

other movant seeking appointment as Lead Plaintiff that has a larger financial interest in the outcome of the Action, and she also satisfies the adequacy and typicality requirements of Rule 23. Accordingly, to the best of her counsel's knowledge, Movant has the largest financial interest of any qualified movant seeking Lead Plaintiff status and, because she satisfies the applicable requirements of Rule 23, as discussed below, is the presumptive "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii).

### 3. Movant Otherwise Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest in the litigation, Movant satisfies the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff selection stage, however, the Court need only find that [Movant's] claims are typical and adequate." *Kavra v. Health Ins. Innovations, Inc.*, No. 8:17-cv-2186-EAK-MAP, 2018 WL 4611215, at *3 (M.D. Fla. Feb. 6, 2018); *see also Luczak v. Nat'l Beverage Corp.*, No. 18-cv-61631-KMM, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018); *Cole*, 2008 WL 11334897, at *2. Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4).

**a. Movant's Claims Are Typical of Those of the Class**

"Typicality measures whether a sufficient nexus exists between the claims of the proposed lead plaintiff and those of the class at large." *Kavra*, 2018 WL 4611215, at *3 (cleaned up). Here, Movant satisfies the typicality requirement because she seeks the same relief and advances the same legal theories as other Class members. Like all other Class members, Movant seeks recovery of losses and damages incurred on purchases of Hertz common stock during the Class Period at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions. Movant's claims therefore arise from the same course of events and her legal arguments to prove Defendants' liability are identical to the balance of the Class. *See Luczak*, 2018 WL 9847842, at *2 (discussing typicality requirement). These shared claims satisfy Rule 23(a)(3)'s typicality requirement.

**b. Movant Will Fairly and Adequately Protect the Interests of the Class**

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). For a class' interests to be fairly and adequately represented, a proposed lead plaintiff "must make a preliminary showing that (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not

antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy." *See Luczak*, 2018 WL 9847842, at *2 (finding adequacy requirement satisfied where movant "provided documents demonstrating the extensive experience of class counsel," and there was no indication that movant "would have a particular conflict between his own interests and those of the class, generally," or that "[movant's] financial interest in the litigation would be insufficient to ensure vigorous advocacy") (citations omitted).

Movant's interests are aligned with those of the other Class members and are not antagonistic in any way. Movant incurred substantial financial harm due to Defendants' misrepresentations and omissions during the Class Period and, therefore, has a sufficient interest in the outcome of the litigation to ensure vigorous prosecution of the litigation. There are no facts to suggest an actual or potential conflict of interest between Movant and the other Class members.

Movant has further demonstrated her adequacy by selecting Robbins LLP as proposed Lead Counsel and Robbins Geller Rudman & Dowd LLP as proposed Liaison Counsel for the Class. As demonstrated below, Robbins LLP and Robbins Geller Rudman & Dowd LLP are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated their ability to effectively and successfully prosecute complex

securities class actions and other forms of shareholder litigation in this District and nationwide.

Thus, in addition to having a significant financial interest and satisfying the typicality requirement, Movant also satisfies the adequacy requirement of Rule 23.

### B. The Court Should Approve Movant's Selection of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Movant has selected Robbins LLP to serve as Lead Counsel and Robbins Geller Rudman & Dowd LLP as Liaison Counsel.

Robbins LLP is a nationally-recognized shareholder rights firm focusing its practice on complex shareholder litigation. *See* Robbins Decl., Ex. D. Robbins LLP's attorneys have secured impressive recoveries in shareholder rights' actions. For example, earlier this year Robbins LLP served as sole Lead Counsel in the derivative action, *Himstreet v. Scharf*, No. CGC-22-599223 (Cal. Super. Ct., S.F. Cty.), and secured a $100 million settlement, the largest cash payment made directly to a company in a shareholder derivative action in California state court history (and the thirteenth largest such payment in a

derivative settlement in any jurisdiction). Robbins LLP also recently secured a $21 million settlement on behalf of investors as Co-Lead Counsel in *In re GeneDx de-SPAC Litigation*, C.A. No. 2023-0140-PAF (Del. Ch. Dec. 2, 2024) and served as Lead Counsel in a securities fraud class action *In re Titan, Inc. Sec. Litig.*, No. 04-CV-0676-LAB (S.D. Cal. Dec. 20, 2005), which settled for $61.5 million. Robbins Geller Rudman & Dowd LLP, a 200-attorney, nationwide law firm that specializes in complex securities litigation, is well-qualified to serve as Liaison Counsel. *See* Robbins Decl., Ex. E.

Based on counsel's extensive experience and proven track record, Movant's selection of counsel should be approved.

## IV. CONCLUSION

Movant satisfies each of the PSLRA's requirements for appointment as Lead Plaintiff. As such, Movant respectfully requests that the Court appoint her as Lead Plaintiff, approve her selection of Robbins LLP as Lead Counsel and Robbins Geller Rudman & Dowd LLP as Liaison Counsel for Lead Plaintiff and the proposed Class, and grant such other relief as the Court may deem just and proper.

DATED: September 22, 2026

ROBBINS GELLER RUDMAN
& DOWD LLP
ROBERT J. ROBBINS
Florida Bar No. 0572233
ELIZABETH A. SHONSON
Florida Bar No 22282

*s/Robert J. Robbins*
ROBERT J. ROBBINS

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
rrobbins@rgrdlaw.com
eshonson@rgrdlaw.com

*Counsel for Proposed Lead Plaintiff Debra Rollins and Proposed Liaison Counsel for the Class*

ROBBINS LLP
BRIAN J. ROBBINS
GREGORY E. DEL GAIZO
5060 Shoreham Pl., Suite 300
San Diego, CA 92122
Telephone: 619/525-3990
brobbins@robbinsllp.com
ggaizo@robbinsllp.com

*Counsel for Proposed Lead Plaintiff Debra Rollins and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Court's electronic mail notice list.

I certify under penalty of perjury that the foregoing is true and correct. Executed September 22, 2026.

*s/Robert J. Robbins*
ROBERT J. ROBBINS