**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

CAMERON SCHWEITZER, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

HERTZ GLOBAL HOLDINGS, INC., WAYNE GILBERT WEST, and SCOTT M. HARALSON,

Defendants.

Case No. 2:26-cv-02242-KCD-NPM

CLASS ACTION

**BOATHOUSE ROW'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF**

## MOTION

Boathouse Row I, LP, Boathouse Row II, LP, and Boathouse Row Offshore Minyan, Ltd. ("Boathouse Row" or "Movants"), by and through their counsel, hereby move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Boathouse Row as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Hertz Global Holdings, Inc. ("Hertz" or the "Company") securities between May 7, 2026 and June 23, 2026, inclusive (the "Class Period"); and (2) approving Lead Plaintiff's selection of Schall, Brown & Schwartz LLP as Lead Counsel, and Dwoskin Wasdin LLP as Liaison Counsel, for the Class.

## MEMORANDUM OF LAW

Pursuant to Section 21D(a)(3) of the Exchange Act, 15 U.S.C. §78u-4(a)(3), as amended by the PSLRA, Boathouse Row respectfully submits this Memorandum of Law in support of its motion, for the entry of an Order: (1) appointing Boathouse Row as Lead Plaintiff on behalf of the Class; and (2) approving proposed Lead Plaintiff's selection of Schall, Brown & Schwartz LLP as Lead Counsel, and Dwoskin Wasdin LLP as Liaison Counsel, for the Class.

## I. PRELIMINARY STATEMENT

This federal securities class action alleges that Defendants defrauded a class of Hertz investors in violation of the Exchange Act.[1] Hertz investors, including Boathouse Row, incurred significant losses following the disclosures of the alleged fraud, which caused Hertz's share price to fall sharply, damaging Boathouse Row and other Hertz investors.

[1] All factual allegations taken from the Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"), filed in *Schweitzer v. Hertz Global Holdings, Inc. et al.*, No. 2:26-cv-02242 (filed July 24, 2026, M.D. Fla.) ("Action"), ECF 1.

Pursuant to the PSLRA, the court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Boathouse Row purchased and retained 2,697,503 shares of Hertz common stock, expended more than $14 million on its transactions in Hertz securities, and, as a result of the disclosures of the fraud, incurred losses of more than $5.78 million. *See* Declaration of Brian O. O'Mara in Support of Boathouse Row's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("O'Mara Decl."), Ex. A. Accordingly, Boathouse Row believes that it has the largest financial interest in the relief sought in the Action. Beyond its considerable financial interest, Boathouse Row also meets the applicable requirements of Rule 23 because its claims are typical of those of absent Class members and because it will fairly and adequately represent the interests of the Class.

To fulfill its obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Boathouse Row has selected Schall, Brown & Schwartz as Lead Counsel, and Dwoskin Wasden as Liaison Counsel, for the Class. These firms and their attorneys are highly experienced in the areas of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.

Accordingly, Boathouse Row respectfully requests that the Court enter an Order appointing Boathouse Row as Lead Plaintiff for the Class and approving its selection of Schall, Brown & Schwartz LLP as Lead Counsel, and Dwoskin Wasdin LLP as Liaison Counsel, for the Class.

## II. STATEMENT OF FACTS

Hertz is one of the largest vehicle rental companies in the world, renting cars and light trucks under the Hertz, Dollar, Thrifty, and Firefly brands at more than 11,000 locations in roughly 160 countries. The economics of the business turn on the fleet: Hertz buys hundreds of thousands of vehicles, finances most of them through asset-backed securitizations, and depends on reselling them into the used-car market at prices that hold up. Residual values and depreciation per unit are therefore central to whether the Company is profitable. After emerging from bankruptcy in 2021 and taking large write-downs on an ill-timed bet on electric vehicles, management launched a "Back-to-Basics" turnaround built around fleet discipline and cost control.

The alleged Class Period begins on May 7, 2026, when Hertz announced its first quarter 2026 results, touting its "Strongest Revenue Growth in Three Years," a 13% year-over-year improvement in Net Depreciation per Unit per Month to $312, and approximately $837 million of liquidity supplemented by roughly $200 million from an April financing. On that day's earnings call, Hertz's Chief Financial Officer told investors that the Company expected to end the second quarter with just under $1 billion of liquidity and to end the year "north of $1.5 billion." The following day, Hertz filed its Form 10-Q, which stated that the Company's cash, liquidity facilities, and refinancing options would be sufficient to fund its operating activities and obligations for the next twelve months and for the foreseeable future thereafter.

According to the Complaint, those statements were materially false and misleading because: (i) Hertz's liquidity was deteriorating far more rapidly than represented, and the Company's available liquidity was not sufficient to fund its operations and obligations for the next twelve months without resorting to a distressed, dilutive financing; (ii) the softness in the used-car market that defendants had characterized as isolated to the quarter and transitory had in fact

recurred and was materially depressing the Company's net depreciation per unit and Adjusted Corporate EBITDA; and (iii) as a result, Hertz was likely to undertake a dilutive, distressed capital raise that would materially harm existing shareholders.

On June 24, 2026, before the market opened — just weeks after assuring investors that its liquidity would carry the Company for at least twelve months — Hertz announced that a wholly owned indirect subsidiary intended to offer $300 million of Exchangeable Senior First-Lien Secured PIK Notes due 2030, together with a concurrent share-lending offering of more than 37 million shares of common stock from which the Company would receive no proceeds. Hertz simultaneously disclosed that "unexpected softness in the used car market" had caused losses on the sale of vehicles in May 2026 and would drive second quarter Adjusted Corporate EBITDA down to a range of just $50 million to $80 million.

On this news, the price of Hertz common stock declined more than 40%, closing at $3.00 per share on June 24, 2026. The next day, the offering priced on still more dilutive terms — upsized to $350 million (up to $400 million) at a 6.75% coupon, with an exchange price of approximately $3.58 per share, and with the borrowed common stock sold to the public at just $2.70 per share.

## III. BOATHOUSE ROW SHOULD BE APPOINTED LEAD PLAINTIFF

Boathouse Row should be appointed Lead Plaintiff because it has timely filed this motion, possesses the largest financial interest in the Action to its knowledge, and otherwise strongly satisfies the requirements of Rule 23. The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (i) the pendency of the action; and (ii) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). In addition, the

PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See id.*, §78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.*, §78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the movant that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.*, §78u-4(a)(3)(B)(iii)(I).

As set forth below, Boathouse Row satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A. Boathouse Row's Motion is Timely

On July 24, 2026, Schall, Brown & Schwartz, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced the filing of a securities class action against Hertz and certain other defendants, and which advised investors in Hertz securities that they had until September 22, 2026 – 60 days from the date of the Notice's publication – to file a motion to be appointed as lead plaintiff. *See* O'Mara Decl., Ex. B.

Boathouse Row has timely filed the instant motion in response to that Notice and has attached a sworn Certification attesting that Boathouse Row is willing to serve as representatives for the Class. *See id.*, Ex. C. Accordingly,

Boathouse Row satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B. Boathouse Row Has the "Largest Financial Interest" in the Action

The PSLRA directs the court to adopt the rebuttable presumption that "the most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). *See In re Rayonier Inc. Sec. Litig.*, No. 3:14-CV-1395-J-32JBT, 2015 WL 791149, at *1 (M.D. Fla. Feb. 25, 2015). To the best of its knowledge, Boathouse Row has the largest financial interest of any Hertz investor seeking to serve as Lead Plaintiff.

Here, during the Class Period, Boathouse Row: (1) purchased and retained 2,697,503 shares of Hertz common stock; (2) expended more than $14 million on its transactions in Hertz securities; and (3) as a result of the disclosures of the fraud, incurred losses of more than $5.78 million in connection with its Class Period transactions in Hertz securities. *See* O'Mara Decl., Ex. A. Because Boathouse Row possesses the largest financial interest in the outcome of this litigation, it is the presumptive "most adequate" plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### C. Boathouse Row Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." "Rule 23 requires that: (1) the claims of the proposed lead plaintiff be typical of the class; and (2) the representative will fairly and adequately represent the interests of the class." *Einhorn v. AxoGen, Inc.*, No. 8:19-CV-69-EAK-AAS, 2019 WL 5636382, at *1 (M.D. Fla. Apr. 30, 2019).

In making its determination that a lead plaintiff movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required

in ruling on a motion for class certification; instead, a prima facie showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Einhorn*, 2019 WL 5636382, at *1 ("In the absence of a showing of a reasonable basis by another putative class member, no evidentiary proof of the Rule 23 requirements is required at the lead plaintiff appointment stage.").

The typicality requirement of Rule 23(a)(3) is satisfied where there exists "a sufficient nexus" "between the claims of the proposed lead plaintiff and those of the putative class members." *Einhorn*, 2019 WL 5636382, at *1. Here, Boathouse Row's claims are typical of those of the Class. Boathouse Row alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Hertz, or by omitting to state material facts necessary to make the statements they did make not misleading. Boathouse Row, like other Class members, purchased or otherwise acquired Hertz securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Hertz's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy Rule 23's typicality requirement.

The adequacy of representation requirement of Rule 23(a)(4) "is primarily based on the forthrightness and vigor with which the proposed lead plaintiff can be expected to assert and defend the interests of the putative class and whether its interests are antagonistic to those of the rest of the putative class members." *See Einhorn*, 2019 WL 5636382, at *2. Boathouse Row is an adequate representative for the Class. Here, Boathouse Row has submitted a sworn Certification declaring its commitment to protect the interests of the Class. *See* O'Mara Decl., Ex. A. There is no evidence of antagonism or conflict between

Boathouse Row's interests and those of the Class, and Boathouse Row's significant financial interest demonstrates that it has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class. In addition, Boathouse Row has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits its choice of Schall, Brown & Schwartz as Lead Counsel, and Dwoskin Wasdin as Liaison Counsel, to the Court for approval pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

### D. Boathouse Row Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Boathouse Row as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Boathouse Row's ability and commitment to fairly and adequately represent the Class has been set forth above. Boathouse Row is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class. Accordingly, Boathouse Row should be appointed Lead Plaintiff for the Class.

## IV. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should interfere with a lead plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, Boathouse Row has selected Schall, Brown & Schwartz as Lead Counsel. *See* O'Mara Decl., Ex. D. Schall, Brown & Schwartz's attorneys are highly experienced in litigating complex securities class actions. The firm's

practice is devoted to representing investors in federal securities litigation, and its attorneys work alongside investigators, forensic accountants, and damages analysts on every case, as needed. *See* O'Mara Decl., Ex. E (firm résumé). They have led or played a critical role in securing billions of dollars in recoveries in securities fraud class actions including, among others, *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 06-CV-1691 (D. Minn.) ($895 million recovery); *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-2122 (D. Kan.) ($131 million recovery); *Local 703, I.B. of T. Grocery and Food Employees Welfare Fund v. Regions Fin. Corp.*, No. 2:10-cv-02847-KOB (N.D. Ala.) ($90 million recovery); *In re CIT Grp. Inc. Sec. Litig.*, No. 1:08-cv-06613 (S.D.N.Y.) ($75 million recovery); and *In re MGM Mirage Sec. Litig.*, No. 2:09-cv-1558 (D. Nev.) ($75 million recovery). Those results were obtained against some of the largest and most well-funded defense firms in the country, on records built through contested discovery, class certification, and summary judgment briefing.

Based upon Schall, Brown & Schwartz's extensive experience and its attorneys proven track record as lead and co-lead counsel in securities class actions, Boathouse Row's selection of Schall, Brown & Schwartz as Lead Counsel and Dwoskin Wasdin as Liaison Counsel should be approved. The class will be well-represented by counsel that has recovered billions of dollars for defrauded investors, and a firm that has the financial and professional resources to prosecute this action to judgment.

## V. CONCLUSION

For the foregoing reasons, Boathouse Row respectfully requests that the Court issue an Order: (1) appointing Boathouse Row as Lead Plaintiff for the Class; and (2) approving Boathouse Row's selection of Schall, Brown & Schwartz as Lead Counsel and Dwoskin Wasdin as Liaison Counsel, for the Class.

## LOCAL RULE 3.01(G) CERTIFICATION

Because the Private Securities Litigation Reform Act of 1995 ("PSLRA") permits any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" to file a motion for appointment as lead plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), Boathouse Row cannot ascertain whether any other parties will also seek appointment as lead plaintiff until after the deadline expires on September 22, 2026. Accordingly, because the motion is statutorily required and because "only putative class members—and not defendants—may challenge the appointment of lead plaintiffs and counsel,"[2] Boathouse Row's counsel respectfully requests that compliance with the meet and confer requirements of Local Rule 3.01(g) be waived due to the fact that Boathouse Row cannot confer with unknown movants.

DATED: September 22, 2026

**SCHALL, BROWN & SCHWARTZ, LLP**
ANDREW J. BROWN
BRIAN O. O'MARA

*s/ Brian O. O'Mara*
BRIAN O. O'MARA

501 W. Broadway, Suite 1490
San Diego, CA 92101
Telephone: (310) 301-3335
andrew@schallfirm.com
omara@schallfirm.com

**SCHALL, BROWN & SCHWARTZ, LLP**
BRIAN J. SCHALL
ADAM ROSEN
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com
adam@schallfirm.com

[2] *See Hill v. Accentia Biopharmaceuticals, Inc.*, No. 8:13-CV-1945-T-23EAJ, 2013 WL 6283712, at *1 (M.D. Fla. Dec. 4, 2013).

**SCHALL, BROWN & SCHWARTZ, LLP**
DAVID J. SCHWARTZ
274 White Plains Rd., Suite 1
Eastchester, NY 10709
Telephone: (914) 206-9742
david@schallfirm.com

*Counsel for Boathouse Row and Proposed Lead Counsel for the Class*

**DWOSKIN WASDIN LLP**
ERIC S. DWOSKIN
Florida Bar No. 112459
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone: (561) 849-8060
edwoskin@dwowas.com

*Liaison Counsel for Boathouse Row*

**PROOF OF SERVICE**

I hereby certify that on this 22nd day of September, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Brian O. O'Mara*
BRIAN O. O'MARA